UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Monica Towne,
        Claimant

        v.                                    Case No. 11-cv-434-SM
                                              Opinion No. 2012 DNH 161

Michael J. Astrue, Commissioner,
Social Security Administration,
        Defendant

**O R D E R**

        Pursuant to 42 U.S.C. § 405(g), Claimant, Monica Towne,
moves to reverse the Commissioner's decision denying her
application for Social Security Disability Insurance Benefits
under Title II of the Social Security Act, 42 U.S.C. § 423 (the
"Act").  The Commissioner objects and moves for an order
affirming his decision.

**Factual Background**

I.    Procedural History

        On March 31, 2009, claimant filed an application for social
security disability insurance benefits ("DIB benefits"), alleging
that she had been unable to work since March 28, 2009.  She
asserts eligibility for benefits based on disabilities due to hip
dysplasia and left leg weakness, lumbosacral spondylosis,
radiculitis of the thoracic and lumbar spine, and right carpal

tunnel syndrome.  Her application for benefits was denied and she requested an administrative hearing before an Administrative Law Judge ("ALJ").

On January 5, 2011, claimant (who was then 48 years old), her attorney, and an impartial vocational expert appeared before an ALJ.  Claimant's husband testified on her behalf.  On January 24, 2011, the ALJ issued her written decision, concluding that claimant was not disabled.  The Decision Review Board selected the ALJ's decision for review, but did not complete its review within the time allowed.  Accordingly, the ALJ's decision became the final decision of the Commissioner, subject to judicial review.

Claimant then filed a timely action in this court, appealing the denial of disability benefits.  Now pending are claimant's "Motion for Order Reversing Decision of the Commissioner" (document no. 15) and the Commissioner's "Motion for Order Affirming the Decision of the Commissioner" (document no. 16).

II.  <u>Stipulated Facts</u>

Pursuant to Local Rule 9.1(d), the parties submitted a Joint Statement of Material Facts which, because it is part of the

court record (document no. 18), need not be recounted in this
opinion.

**Standard of Review**

I.   Properly Supported Findings by the ALJ are
     Entitled to Deference.

Pursuant to 42 U.S.C. § 405(g), the court is empowered "to
enter, upon the pleadings and transcript of the record, a
judgment affirming, modifying, or reversing the decision of the
Commissioner of Social Security, with or without remanding the
cause for a rehearing."  Factual findings of the Commissioner are
conclusive if supported by substantial evidence.[1]  See 42 U.S.C.
§ 405(g); Irlanda Ortiz v. Secretary of Health & Human Services,
955 F.2d 765, 769 (1st Cir. 1991).  Moreover, provided the ALJ's
findings are supported by substantial evidence, the court must
sustain those findings even when there may also be substantial
evidence supporting the contrary position.  See Tsarelka v.
Secretary of Health & Human Services, 842 F.2d 529, 535 (1st Cir.
1988) ("[W]e must uphold the [Commissioner's] conclusion, even if
the record arguably could justify a different conclusion, so long

---

[1]     Substantial evidence is "such relevant evidence as a
reasonable mind might accept as adequate to support a
conclusion."  Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229
(1938).  It is something less than the weight of the evidence,
and the possibility of drawing two inconsistent conclusions from
the evidence does not prevent an administrative agency's finding
from being supported by substantial evidence.  Consolo v. Federal
Maritime Comm'n., 383 U.S. 607, 620 (1966).

as it is supported by substantial evidence."). <u>See also</u>
<u>Rodriguez v. Secretary of Health & Human Services</u>, 647 F.2d 218,
222 (1st Cir. 1981) ("We must uphold the [Commissioner's]
findings in this case if a reasonable mind, reviewing the
evidence in the record as a whole, could accept it as adequate to
support his conclusion.").

    In making factual findings, the Commissioner must weigh and
resolve conflicts in the evidence. <u>See</u> <u>Burgos Lopez v. Secretary</u>
<u>of Health & Human Services</u>, 747 F.2d 37, 40 (1st Cir. 1984)
(citing <u>Sitar v. Schweiker</u>, 671 F.2d 19, 22 (1st Cir. 1982)).  It
is "the responsibility of the [Commissioner] to determine issues
of credibility and to draw inferences from the record evidence.
Indeed, the resolution of conflicts in the evidence is for the
[Commissioner], not the courts." <u>Irlanda Ortiz</u>, 955 F.2d at 769
(citation omitted).  Accordingly, the court will give deference
to the ALJ's credibility determinations, particularly when those
determinations are supported by specific findings. <u>See</u>
<u>Frustaglia v. Secretary of Health & Human Services</u>, 829 F.2d 192,
195 (1st Cir. 1987) (citing <u>Da Rosa v. Secretary of Health &</u>
<u>Human Services</u>, 803 F.2d 24, 26 (1st Cir. 1986)).

II.  <u>The Parties' Respective Burdens</u>

An individual seeking Social Security disability benefits is disabled under the Act if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The Act places a heavy initial burden on claimant to establish the existence of a disabling impairment. See <u>Bowen v. Yuckert</u>, 482 U.S. 137, 146-47 (1987); <u>Santiago v. Secretary of Health & Human Services</u>, 944 F.2d 1, 5 (1st Cir. 1991).  To satisfy that burden, claimant must prove that her impairment prevents her from performing her former type of work. See <u>Gray v. Heckler</u>, 760 F.2d 369, 371 (1st Cir. 1985) (citing <u>Goodermote v. Secretary of Health & Human Services</u>, 690 F.2d 5, 7 (1st Cir. 1982)).  Nevertheless, claimant is not required to establish a doubt-free claim.  The initial burden is satisfied by the usual civil standard: a "preponderance of the evidence."  See <u>Paone v. Schweiker</u>, 530 F. Supp. 808, 810-11 (D. Mass. 1982).


If claimant demonstrates an inability to perform her previous work, the burden shifts to the Commissioner to show that there are other jobs in the national economy that she can perform.  See <u>Vazquez v. Secretary of Health & Human Services</u>,

683 F.2d 1, 2 (1st Cir. 1982).  <u>See also</u> 20 C.F.R. §§
404.1512(g).  If the Commissioner shows the existence of other
jobs that claimant can perform, then the overall burden to
demonstrate disability remains with claimant.  <u>See</u> <u>Hernandez v.</u>
<u>Weinberger</u>, 493 F.2d 1120, 1123 (1st Cir. 1974); <u>Benko v.</u>
<u>Schweiker</u>, 551 F. Supp. 698, 701 (D.N.H. 1982).

　　　　In assessing a disability claim, the Commissioner considers
both objective and subjective factors, including: (1) objective
medical facts; (2) claimant's subjective claims of pain and
disability, as supported by the testimony of claimant or other
witnesses; and (3) claimant's educational background, age, and
work experience.  <u>See, e.g.</u>, <u>Avery v. Secretary of Health & Human</u>
<u>Services</u>, 797 F.2d 19, 23 (1st Cir. 1986); <u>Goodermote</u>, 690 F.2d
at 6.  When determining whether a claimant is disabled, the ALJ
is also required to make the following five inquiries:

     (1)   whether claimant is engaged in substantial
           gainful activity;

     (2)   whether claimant has a severe impairment;

     (3)   whether the impairment meets or equals a
           listed impairment;

     (4)   whether the impairment prevents claimant from
           performing past relevant work; and

     (5)   whether the impairment prevents claimant from
           doing any other work.

20 C.F.R. § 404.1520.  Ultimately, a claimant is disabled only if his:

> physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

With those principles in mind, the court reviews claimant's motion to reverse and the Commissioner's motion to affirm his decision.

## Discussion

I.   Background - The ALJ's Findings

In concluding that claimant was not disabled within the meaning of the Act, the ALJ properly employed the mandatory five-step sequential evaluation process described in 20 C.F.R. § 404.1520.  She first determined that claimant had not been engaged in substantial gainful employment since her alleged onset of disability.  Next, she concluded that claimant has the severe impairments of hip dysplasia and left leg weakness secondary to total hip arthroplasty and osteotomy, lumbosacral spondylosis and

7

radiculitis of the thoracic and lumbar spine.  Administrative
Record ("Admin. Rec.") 16.  Nevertheless, the ALJ determined that
those impairments, regardless of whether they were considered
alone or in combination, did not meet or equal one of the
impairments listed in Part 404, Subpart P, Appendix 1.  Admin.
Rec. 17.

Next, the ALJ concluded that claimant retained the residual
functional capacity to perform light work, "except the claimant
may only occasionally climb, balance, stoop, kneel, crouch and
crawl."  Admin. Rec. 18.  The ALJ concluded that claimant is
capable of performing past relevant work as a fitter in
alterations.  Admin. Rec. 20.  Consequently, the ALJ concluded
that claimant was not "disabled," at any time relevant to her
decision.  Admin. Rec. 22.

In support of her motion to reverse the decision of the
Commissioner, claimant advances three arguments: (1) the ALJ
improperly assessed the medical opinion evidence; (2) the ALJ
improperly discounted claimant's credibility; and (3) the ALJ's
determination that claimant could perform her past relevant work
is not supported by substantial evidence.

II.   <u>The ALJ's Assessment of the Medical Opinion Evidence</u>

The evaluation of medical opinions is governed by 20 C.F.R. § 404.1527, which provides that the Commissioner, when "determining whether [claimant] is disabled . . . will always consider the medical opinions in [claimant's] case record together with the rest of the relevant evidence."  20 C.F.R. § 404.1527(b).  <u>See</u> <u>also</u> <u>Evans v. Barnhart</u>, 2003 WL 22871698, at *5 (D.N.H. Dec. 4, 2003).  Medical opinions, in turn, "are statements from physicians and psychologists or other acceptable medical sources."  20 C.F.R. § 404.1527(a)(2).

During the process of review, when the Commissioner determines that "any evidence in the record, including any medical source opinions, is inconsistent with other evidence or is internally inconsistent, the ALJ must weigh all of the evidence to determine whether the claimant is disabled."  <u>Fogg v.</u> <u>Astrue</u>, 2012 WL 2711102, at *8 (D.N.H. July 6, 2012) (Barbadoro, J.) (citing 20 C.F.R. § 404.1527(b)).  When it is necessary to weigh medical evidence, every medical opinion will be evaluated, regardless of its source.  20 C.F.R. § 404.1527(c).

Here, the ALJ accorded "substantial weight" to the opinion of claimant's treating physician, Dr. Brummett.  Claimant saw him on one occasion.  The ALJ noted that Dr. Brummett found that

claimant was "neurologically intact with no deficits appreciated
at any level; her range of motion was noted to be well preserved;
her lower extremities showed good range of motion; and . . .
[she] walk[ed] with a nice stable upright gait and posture."
Admin. Rec. 19.  The ALJ also credited Dr. Brummett's statement
that he "did not recommend disability," and his further opinion
that claimant "should maintain as much activity as possible."
Id.  She further found that treatment notes supported his
findings.  Id. at 20.

Claimant asserts that the ALJ improperly credited Dr.
Brummett's opinion.  She points out that Dr. Brummett's treatment
notes, which were "less than a page," never mention the findings
from a previous whole body scan.  Document No. 15-1, pg. 15.  Id.
But she does not explain how the scan findings directly undermine
Dr. Brummett's opinion, nor does she address some apparent
consistencies between the whole body scan findings and the MRI
findings on which Dr. Brummett explicitly relied.  Moreover, the
ALJ did incorporate the whole body scan findings into her
decision.  The court cannot say, therefore, that the ALJ erred in
giving substantial weight to Dr. Brummett's opinion.

Claimant also argues that the ALJ improperly assessed the
medical opinion of Dr. Gonzalez, who examined claimant on two

10

occasions.  The ALJ accorded that opinion "[g]reat weight."
Admin. Rec. 20.  Claimant posits, however, that the ALJ's finding
that she is not disabled conflicts with Dr. Gonzalez's finding
that she needs a hip placement revision, and with his statement
that it was difficult to know exactly how much of claimant's pain
was the result of the prior hip replacement.  But the ALJ was
entitled to consider those findings together with Dr. Gonzalez's
further opinion that claimant "could continue weight-bearing
walking and performing her regular physical activities."  Jt.
Stmt., doc. no. 18, pg. 5.  See 20 C.F.R. Sec. 1520(a)(3) ("We
will consider all evidence in your case record when we make a
determination or decision whether you are disabled.").
Accordingly, the court cannot conclude that the ALJ erred in her
assessment of Dr. Gonzalez's medical opinion.

For these reasons, the court finds that substantial evidence
supports the ALJ's assessment of the medical opinions.

III.  Claimant's Allegations of Disabling Pain

It is the province of the ALJ to determine a claimant's
credibility regarding her allegations of disabling pain.
Accordingly, if properly supported, the ALJ's credibility
determination is entitled to substantial deference from the
court.  See, e.g., Irlanda Ortiz, 955 F.2d at 769 ("It is the

responsibility of the [Commissioner] to determine issues of credibility and to draw inferences from the record evidence.").

Once it is determined that a claimant has impairments that are capable of causing pain, the ALJ must "evaluate the intensity, persistence, and limiting effects of the [pain] to determine the extent to which the [pain] limit[s] the individual's ability to do basic work activities."  Social Security Ruling (SSR) 96-7p (July 2, 1996).  If claimant's allegations regarding the intensity, persistence, and limiting effect of the pain are not supported by the objective medical evidence, the ALJ must look beyond the objective medical evidence and consider the following factors:

(1)  the claimant's daily activities;

(2)  the location, duration, frequency, and intensity of the claimant's pain;

(3)  factors that precipitate and aggravate the pain;

(4)  type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate the pain;

(5)  treatment, other than medication, the claimant receives or has received for relief of pain;

(6)  any measures other than treatment the claimant uses or has used to relieve pain; and

>    (7)  any other factors concerning the claimant's
>         functional limitations and restrictions due
>         to pain.

20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4); SSR 96-7p; <u>Avery v.</u>

<u>Secretary of Health and Human Services</u>, 797 F.2d 19, 28-29 (1st

Cir. 1986).


Here, claimant asserts that the ALJ erred in finding that

her testimony about the disabling nature of her impairments was

not entirely credible.  She argues that the ALJ did not

"comprehensively" consider her testimony about her daily

activities, specifically, her need to rest, lie down, and stretch

after sitting for two hours, and her need for assistance with

laundry and gardening.  Doc. No. 15-1, pg. 24.  She also argues

that the treatment notes of Dr. Hsu, a pain specialist, support

her allegations of disabling symptoms.  Dr. Hsu opined that

claimant was unable to ambulate effectively, or squat and rise

above a squatting position.


Despite evidence in the record that would support claimant's

testimony about the severity and persistence of her pain, other

evidence, on which the ALJ relied, tends to contradict that

testimony.  The ALJ considered, for instance, the inconsistency

between claimant's assertion of disabling pain and (1) Dr.

Gonzalez's opinion that claimant could continue her physical

activities; (2) the medical finding that claimant had a well-
coordinated and smooth gait; (3) the fact that Dr. Brummett did
not "recommend disability"; and (4) testimony by claimant and her
husband about her daily activities, which included walking, doing
yoga, daily dog walks, household chores, and sewing.  Admin. Rec.
19-20.  With regard to Dr. Hsu's opinion, the ALJ considered that
evidence, but concluded that Dr. Hsu did not substantiate his
conclusion.  Admin. Rec. 20.

Because the ALJ was entitled to resolve the evidentiary
conflicts, Irlanda Ortiz, 955 F.2d at 769, the court cannot
conclude that the ALJ erred in her assessment of claimant's
credibility, or her assessment of the severity and persistence of
the pain claimant experienced.

IV.  Claimant's Capacity to Perform Past Relevant Work

Claimant argues that once the ALJ found her capable of
performing light work, limited to occasional climbing, balancing,
stooping, kneeling, crouching and crawling, the ALJ erred by
finding that she had the residual functional capacity to perform
her past relevant work as a fitter in alterations.  The
Commissioner counters that claimant failed to carry her burden of
showing how her functional limitations rendered her incapable of
performing her past relevant work, because her own description of

14

the work of a fitter in alterations, as she actually performed
it, demonstrates her ability to perform that job.

At step four of the five-step process, claimant had the
burden of showing that she was unable to do her past relevant
work.  See Seavey v. Barnhart, 276 F.3d 1, 5 (1st Cir. 2001).  As
"the primary source for vocational documentation" of past
relevant work, her testimony "is generally sufficient for
determining the skill level, exertional demands, and
nonexertional demands of such work."  Santiago v. Sec'y of Health
& Human Services, 944 F.2d 1, 5 (1st Cir. 1991).

Here, the record before the ALJ included information from
claimant herself indicating that when she worked as a fitter in
alterations she lifted and carried ten pounds with occasional
bending, stooping, and crouching.  Admin. Rec. 21.  She also
described her past work as involving "sitting for several hours
at a time with walking and standing for one to two hours in a
workday."  Id.

The ALJ's finding that claimant was capable of light work,
with limitations related to occasional climbing, balancing,
stooping, kneeling, crouching and crawling was properly
supported.  And there was substantial evidence before the ALJ

15

(claimant's own testimony) that claimant was capable of performing her former job as she actually performed it.  See Santiago, 944 F.2d at 5.  Because the ALJ's finding is supported by substantial evidence, it must stand as conclusive.  See 42 U.S.C. § 405(g); Zyla v. Astrue, 2009 WL 948656, at *9 (D.N.H. April 6, 2009).

## Conclusion

For these reasons, the court concludes that there is substantial evidence in the record to support the ALJ's determination that claimant was not disabled through the date of her decision.  Her assessment of the medical opinion evidence and claimant's credibility, and her determination that claimant can perform her past relevant work, are adequately supported by evidence in the record.

As is always the case in appeals of adverse benefits eligibility determinations, the court does not determine, de novo, whether claimant is disabled and entitled to benefits. This court's review is narrow: Is there substantial evidence in the record to support the ALJ's decision?  Here, there is. Consequently, claimant's motion to reverse the decision of the Commissioner (document no. 15) is denied, and the Commissioner's motion to affirm his decision (document no. 16) is granted.

The Clerk of the Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

Steven J. McAuliffe
United States District Judge

September 25, 2012

cc:  Ralph A. Giangregorio, Esq.
     Robert J. Rabuck, AUSA